HALL, APPELLANT, *v.* NELSON, A.K.A. NEILSON, A.K.A. HALL, APPELLEE.

(No. 13074—Decided November 4, 1987.)

*William L. Summers, Norman A. Fox* and *Paul L. Millet,* for appellant. *Richard Strong,* for appellee.

MAHONEY, P.J. Appellant, Gorden L. Hall, appeals from an order of the Summit County Court of Common Pleas granting summary judgment for appellee, Diana J. Neilson, a.k.a. Nelson, a.k.a. Hall, and dismissing Gorden's complaint for annulment of marriage.

## FACTS

On May 8, 1986, Gorden filed a complaint in the Summit County Court of Common Pleas for annulment of the marriage between his father, Carmel J. Hall, and Diana.

The complaint alleged that on March 7, 1986, Carmel suffered a massive coronary attack which resulted in his hospitalization. A marriage license was obtained and Carmel and Diana were married in Carmel's hospital room later that same day. Diana had previously lived with Carmel for eighteen years. Carmel died on April 9, 1986.

Gorden sought to have the marriage between Carmel and Diana annulled on the grounds that Carmel lacked the mental capacity to marry, that the marriage was obtained by fraud, and that the marriage was not consummated.

The trial court granted summary judgment for Diana and dismissed Gorden's complaint on the basis that Gorden lacked standing. This appeal followed.

## ASSIGNMENT OF ERROR I

"The lower court erred and abused its discretion in entering summary judgment for the defendant."

R.C. 3105.32 provides that only a party aggrieved may sue to have a marriage annulled on the grounds of mental incapacity,[1] fraud, or failure to consummate. Only Carmel and Diana have standing to bring a suit for the annulment of their marriage. Thus, since Gorden was not a party to the marriage, he had no standing to bring the instant lawsuit.

## SUMMARY

Gorden's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and GEORGE, JJ., concur.

---

[1] R.C. 3105.32(C) permits a relative of a mental incompetent to sue for an annulment, but only while the putative incompetent is alive. In the instant case Carmel was dead at the time Gorden filed suit.