■
### Hilt v. Diedrich
*[Cite as 6 AOA 42]*

Case No. 10-89-5
Mercer County, (3rd)
Decided August 17, 1990

Lester L. Ferguson, Attorney at Law, 3010 U.S. 35 East, Xenia, Ohio 45385, for Appellants.

David M. Myers, Attorney at Law, Myers & Myers, P.O. Box 230, Celina, Ohio 45822, for Appellee.

BRYANT, J.

This is an appeal from the judgment of the Court of Common Pleas of Mercer County granting Defendant-Appellee's, Margaret Diedrich's, motion for summary judgment.

On the evening of September 29, 1988, Margaret Wright Diedrich and Ray Diedrich were married. Ray Diedrich died the morning of October 1, 1988.

Ray Diedrich's brother and sister, Robert Diedrich and Clarmae Hilt filed a complaint for annulment on November 10, 1988 asserting the following:

"That said marriage was never consummated;

"That the consent of Ray Diedrich was obtained by fraud;

"That Ray Diedrich did not have the mental capacity to enter into said marriage;"

Margaret Diedrich filed a motion for summary judgment on January 10, 1988. A referee's report was submitted to the court on May 8, 1989 recommending that the motion for summary judgment be granted in favor of Margaret. Robert and Clarmae filed an objection to the referee's report on May 18, 1989. The trial court upon reviewing the referee's report and Appellants' objections, adopted the referee's report, and granted Margaret's motion for summary judgment on May 31, 1989.

It is from this judgment Robert and Clarmae now appeal asserting the following sole assignment of error:

"THE COURT OF COMMON PLEAS ERRED WHEN IT RULED THAT A BROTHER OR SISTER OF DECEDENT DOES NOT HAVE STANDING UNDER SECTION 3105.32 OF THE OHIO REVISED CODE TO FILE A PETITION FOR ANNULMENT UNDER SECTION 3105.31 OF THE OHIO REVISED CODE IF THE ACTION IS COMMENCED WITHIN THE TWO (2) YEAR TIME FRAME SET FORTH IN OHIO REVISED CODE 3105.32(D) AND 3105.32(F)."

The grounds for annulment as set forth in R.C. 3105.31 are:

the party seeking the annulment was under the statutory age required to enter a marriage, a former legal marriage of either party is still in force, either party has been adjudicated mentally incompetent, consent of either party was obtained by fraud, consent of either party was obtained by force, or the marriage was never consummated although otherwise valid.

R.C. 3105.22 sets forth the criteria for when an action must be commenced and by what parties. An annulment for being under the statutory age may be obtained by the under age party or by a parent, guardian, or other person having charge of such party. An annulment for a former legal marriage still in force may be obtained by either party or by the prior spouse. To obtain an annulment on the ground of mental incompetency, the action may be brought by the party aggrieved or the relative or guardian of the party so long as the party was adjudicated mentally incompetent prior to the death of either party to the marriage. For fraud, force, or failure to consummate the marriage, the cause may be brought by the party aggrieved.

We would first note that at no time during the lifetime of the decedent was he adjudicated mentally incompetent. Therefore, Appellants' assertion of mental incompetency must fail. Appellants in support of their assignment of error strenuously urge us to interpret "party aggrieved" under the grounds for fraud and failure to consummate to include anyone who would potentially inherit the assets of the decedent's estate but for the marriage. We de-

cline to enlarge the category of "party aggrieved" under fraud and failure to consummate to include relatives who believe they have been cheated of their inheritance.

R.C. 3105.32 very precisely sets forth the instances when a party outside of the marriage may bring an action for annulment. Those individuals and instances are:

the parents, guardian or other person having charge of a party to the marriage who is under the statutory age, by the former spouse of a concurrent legal marriage, or by the relative or guardian of a party adjudicated mentally incompetent prior to the death of either party to the marriage. If the legislature had intended to enlarge the category of "party aggrieved" for grounds of fraud, force, or failure to consummate to include anyone outside the marital relationship those individuals would have been specifically set out just as they were for grounds the grounds of minority, bigamy, and mental incompetency.

Our decision is consistent with the holding of the Ninth District Court of Appeals in *Hall v. Nelson* (1987), 41 Ohio App. 3d 138 with which we agree.

Appellants' assignment of error is overruled. For the reasons stated above and upon the authorities cited and discussed, the judgment of the Court of Common Pleas of Mercer County is affirmed.

*Judgment affirmed.*

SHAW, P.J., and MILLER, J. concur.